# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Crim. No. 17-14-LPS |
| HO KA TERENCE YUNG, | : | |
| Defendant. | : | |

David C. Weiss, Acting U.S. Attorney, Shawn Weede, Assistant U.S. Attorney, and Elizabeth L. Van Pelt, Assistant U.S. Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, DE

    Attorneys for Plaintiff.

Edson A. Bostic, Federal Public Defender, and Eleni Kousoulis, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Wilmington, DE

    Attorneys for Defendant.

## MEMORANDUM OPINION

January 30, 2018
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

## I. BACKGROUND

Defendant Ho Ka Terence Yung ("Yung" or "Defendant") is charged with one count of cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B). (*See* D.I. 3) Yung moves to dismiss the indictment, contending § 2261A(2)(B) violates the First Amendment of the United States Constitution. (*See* D.I. 37) The motion is fully briefed (*see* D.I. 38, 40, 43) and the Court heard argument on January 22, 2018. For the reasons discussed below, the Court will deny Yung's motion.

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), a defendant may move to dismiss an indictment for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). Accordingly, Rule 12(b)(3)(B) "allows a district court to review the sufficiency of the government's pleadings to . . . ensur[e] that legally deficient charges do not go to a jury." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (alteration in original; internal quotation marks omitted). "An indictment is defective if it alleges [a] violation of an unconstitutional statute." *United States v. Dean*, 670 F. Supp. 2d 457, 458 (E.D. Va. 2009); *see also United States v. Boffa*, 513 F. Supp. 444, 459-64 (D. Del. 1980) (resolving motion to dismiss indictment where defendant alleged statute was unconstitutionally vague, overbroad, and unconstitutional as applied).

## III. DISCUSSION

Yung seeks dismissal of the indictment based on his contention that § 2261A(2)(B) is facially invalid under the First Amendment. (*See* D.I. 38, 43) The First Amendment provides,

1

"Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. "There are two quite different ways in which a statute or ordinance may be considered invalid 'on its face' [under the First Amendment] – either because it is unconstitutional in every conceivable application, or because it seeks to prohibit such a broad range of protected conduct that it is unconstitutionally 'overbroad.'" *Members of City Council of City of L.A. v. Taxpayers for Vincent*, 466 U.S. 789, 796 (1984). Here, Yung raises only the "second type of facial challenge," arguing that § 2261A(2)(B) is facially overbroad. (*See* D.I. 38 at 1; *see also United States v. Stevens*, 559 U.S. 460, 473 (2010) (internal quotation marks omitted))[1]

"The overbreadth doctrine prohibits the Government from banning unprotected speech if a substantial amount of protected speech is prohibited or chilled in the process." *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 255 (2002). Under the "First Amendment overbreadth doctrine, a statute is facially invalid if it prohibits a substantial amount of protected speech." *United States v. Williams*, 553 U.S. 285, 292 (2008). When overbreadth is alleged, "[t]he overbreadth claimant bears the burden of demonstrating, from the text of [the law] and from actual fact, that substantial overbreadth exists." *Virginia v. Hicks*, 539 U.S. 113, 122 (2003) (second alteration in original;

---

[1] Yung, within the context of his overbreadth claim, also contends § 2261A(2)(B) is an impermissible content-based restriction on speech. (*See* D.I. 38 at 2-4) However, in order for Yung to prevail on that ground in connection with a ***facial*** challenge – which, Yung is clear, is the only type of challenge he is raising (*see id.* at 1 n.1) – he "would have to establish that no set of circumstances exists under which [§ 2261A(2)(B)] would be valid, or that the statute lacks any plainly legitimate sweep," *Stevens*, 559 U.S. at 472 (internal citations and quotation marks omitted). In other words, Yung would have to show "that the statute could ***never*** be applied in a valid manner." *Taxpayers for Vincent*, 466 U.S. at 797-98 (emphasis added). Yung cannot meet this burden. *See, e.g., United States v. Bell*, 303 F.3d 1187, 1192-93 (9th Cir. 2002) (affirming conviction under § 2261A(2)(B)). Indeed, Yung does not challenge the statute's constitutionality as applied to his conduct.

2

internal quotation marks omitted).[2]

The overbreadth doctrine accords standing to an individual, like Yung, to challenge the constitutionality of a statute's application to individuals other than himself. However, as an exception to the traditional rules of standing, "the First Amendment overbreadth doctrine, like most exceptions to established principles, must be carefully tied to the circumstances in which facial invalidation of a statute is truly warranted." *New York v. Ferber*, 458 U.S. 747, 769 (1982). The Supreme Court has stressed that such a consequence will be justified only when a statute's overbreadth is "***substantial***, not only in an absolute sense, but also relative to the statute's plainly legitimate sweep." *Williams*, 553 U.S. at 292 (emphasis in original). Moreover, "overbreadth claims, if entertained at all, have been curtailed when invoked against ordinary criminal laws that are sought to be applied to protected conduct." *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973). Accordingly, the "strong medicine" of invalidation for overbreadth must be used "sparingly and only as a last resort." *Id.*

"The first step in overbreadth analysis is to construe the challenged statute; it is impossible to determine whether a statute reaches too far without first knowing what the statute covers." *Williams*, 553 U.S. at 293. The second step is for the Court to then determine "whether the statute, as we have construed it, criminalizes a substantial amount of protected expressive

---

[2] Yung disputes the standard that should apply to his overbreadth claim, asserting that "the overbreadth doctrine is part of the level of scrutiny analysis used to vindicate the requirement of requisite 'narrow tailoring'" required by strict scrutiny. (D.I. 43 at 2) The Court disagrees. Strict scrutiny applies when a law is found to be a content-based restriction on speech; it is not a subpart of the test applied to an overbreadth challenge. *See, e.g.*, *Stevens*, 559 U.S. at 467 (discussing how Third Circuit invalidated statute as content-based restriction that failed strict scrutiny but "declined to rest its analysis on [overbreadth] ground" addressed in separate portion of opinion).

3

activity." *Id.* at 297.

Here, the statute being challenged as unconstitutionally overbroad is § 2261A(2)(B), which prohibits interstate stalking and cyberstalking.

Specifically, § 2261A(2)(B), provides,

> Whoever ... (2) **with the intent to** kill, injure, **harass, intimidate**, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that – ... (B) causes, attempts to cause, or would be reasonably expected to cause **substantial emotional distress** to [that person, an immediate family member of that person, or a spouse or intimate partner of that person], shall be punished as provided in section 2261(b) of this title.

§ 2261A(2)(B) (emphasis added). In construing this statute, and determining whether it criminalizes a substantial amount of protected expressive activity, three observations are particularly important.

First, § 2261(A)(2)(B) is directed not to speech but to conduct. It criminalizes only a "course of conduct," which is defined as a "pattern of conduct composed of 2 or more acts, evidencing a continuity of purpose." § 2266(2). Defendant points out, "[s]peech protected by the First Amendment is a type of 'conduct.'" (D.I. 38 at 5) (quoting *McCauley v. Univ. of the Virgin Islands*, 618 F.3d 232, 250 (3d Cir. 2010) (alteration in original)) Still, the Court agrees with the Ninth Circuit that by defining "course of conduct" as "2 or more acts, evidencing a continuity of purpose," the statute "tethered" all "proscribed acts ... to the underlying criminal

4

conduct and not to speech." *United States v. Osinger*, 753 F.3d 939, 944 (9th Cir. 2014).³ Hence, the Supreme Court's observation that an overbreadth challenge to a law "not specifically addressed to speech or to conduct necessarily associated with speech" will "rarely succeed[]" is pertinent here. *Hicks*, 539 U.S. at 114.

Second, § 2261A(2)(B) requires malicious intent on the part of the defendant, precluding criminal liability being predicated solely on the reaction of the listener. *Cf. Saxe v. State Coll. Area Sch. Dist.*, 240 F.3d 200, 206 (3d Cir. 2001) ("[T]here is also no question that the free speech clause protects a wide variety of speech that listeners may consider deeply offensive."). Third, a defendant's acts must at least be "reasonably expected to cause substantial emotional distress." § 2261A(2)(B).

As numerous courts have found, these requirements – expressly contained in § 2261(A)(2)(B) – make it "difficult to imagine what constitutionally-protected" speech could fall within the statute's reach. *United States v. Bowker*, 372 F.3d 365, 379 (6th Cir. 2004), *rev'd on other grounds*, 543 U.S. 1182 (2005); *see also United States v. Petrovic*, 701 F.3d 849, 856 (8th Cir. 2012) (concurring with Sixth Circuit that requirements of "malicious intent on the part of the defendant and substantial harm to the victim" mean statute is unlikely to reach constitutionally-protected speech); *see also Osinger*, 753 F.3d at 944 (same); *United States v. Sayer*, 748 F.3d 425, 435 (1st Cir. 2014) (similar).

Yung contends, nonetheless, that § 2261(A)(2)(B) is unconstitutionally and substantially overbroad because it extends to speech that is merely intended to "harass" or "intimidate" if that

---

³Indeed, § 2261A(2)(B) is aimed at many acts that have nothing to do with speech. For example, a person who surveils another with the requisite intent – an act that requires no speech at all – may be prosecuted under § 2261A(2)(B). (*See* D.I. 40 at 11 n.5; *see also* § 2261A(2)(B))

5

speech, repeated two or more times, does nothing more than attempt to cause "substantial emotional distress." (D.I. 43 at 6) Yung's argument has been pressed before and rejected by every court to consider it. Indeed, this Court – along with the First, Fourth, Sixth, Eighth, and Ninth Circuits – has had occasion to address whether the language now contained in § 2261A(2)(B) is overbroad.[4] *See United States v. Matusiewicz*, 84 F. Supp. 3d 363, 367-68 (D. Del. 2015) ("[L]ike Ms. Gonzalez here, the defendant argued that the cyberstalking statute encompasses speech that causes only substantial emotional distress, and therefore it proscribes protected expression that is merely annoying or insulting.") (internal quotation marks omitted); *see also United States v. Anderson*, 700 F. App'x 190, 192-93 (4th Cir. 2017) (unpublished) (finding "vast weight of authority militate[d] against" defendant's overbreadth claim); *Osinger*, 753 F.3d at 943-45 ("Osinger also argues that 18 U.S.C. § 2261A(2)(A) is overly broad because it does not define 'substantial emotional distress' or 'harassment.'"); *Sayer*, 748 F.3d at 435 ("Sayer argues that because the text of § 2261A(2)(A) encompasses speech that causes only substantial emotional distress, it proscribes protected expression that is merely annoying or insulting."); *Petrovic*, 701 F.3d at 856 (rejecting overbreadth claim); *Bowker*, 372 F.3d at 378-80 ("Bowker . . . assert[s] that the statute 'reaches large amounts of protected speech and conduct'

---

[4]The Violence Against Women Reauthorization Act of 2013 amended 18 U.S.C. § 2261A(2), shifting language previously contained in § 2261A(2)*(A)* – the precise language Yung challenges here – *into* § 2261A(2)*(B)*. *See* § 2261A(2)(A) (2012), *amended by* Violence Against Women Reauthorization Act of 2013, Pub. L. 113–4, § 107, 127 Stat. 77–78 (2013) ("Whoever . . . (2) with the intent (A) to kill, injure, *harass*, or place under surveillance with intent to kill, injure, harass, or intimidate, *or cause substantial emotional distress* to a person . . . engage[s] in a *course of conduct that causes substantial emotional distress* to that person shall be punished.") (emphasis added). Accordingly, courts analyzing pre-amendment § 2261A(2)(A) were required to consider the same statutory language at issue here, making those decisions highly relevant (and persuasive) to this Court's interpretation of § 2261A(2)(B).

6

and 'potentially targets political or religious speech.'").

The Court agrees with these earlier decisions and concludes that Yung has failed to show that § 2261(A)(2)(B) is unconstitutionally overbroad.

Yung maintains that by not exempting speech about matters of public importance or public figures, § 2261A(2)(B) criminalizes a "wide range of political criticism, social criticism, and religious criticism." (D.I. 38 at 7) For example, Yung contends that basic forms of political protest, such as vigorous letter-writing campaigns to politicians or abortion providers, might come within the scope of § 2261A(2)(B). (*See id.* at 8) These hypotheticals do not warrant invalidating an entire criminal statute. *See Matusiewicz*, 84 F. Supp. 3d at 367 ("These limited examples of potentially protected speech do not suffice. For an overbreadth challenge to succeed, the law in question must *frequently* intrude into areas of protective speech.") (emphasis added); *see also Broadrick*, 413 U.S. at 613. Even assuming that § 2261A(2)(B) may reach some protected activity, "whatever overbreadth may exist should be cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be applied." *Broadrick*, 413 U.S. at 615-16; *see also Ferber*, 458 U.S. at 773 ("Indeed, the Court's practice when confronted with ordinary criminal laws that are sought to be applied against protected conduct is not to invalidate the law *in toto*, but rather to reverse the particular conviction."); *United States v. Cassidy*, 814 F. Supp. 2d 574, 584-88 (D. Md. 2011) (holding pre-amendment § 2261A(2)(A) unconstitutional as applied to defendant accused of "causing substantial emotional distress to [religious leader], specifically on Twitter and Blogs," and declining to reach question of facial validity).

In sum, Yung has failed to show that "substantial overbreadth exists," either in absolute

7

terms or relative to § 2261A(2)(B)'s plainly legitimate sweep. *Hicks*, 539 U.S. at 122.

Accordingly, the "strong medicine" of facial invalidation is not warranted. *Broadrick*, 413 U.S. at 613.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the indictment for violating the First Amendment (D.I. 37) will be denied. An appropriate Order follows.

8